IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD NOVOTNY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-cv-05881 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| PLEXUS CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Edward Novotny sued his former employer, Plexus Corp., alleging that he was terminated because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. In addition to his ADEA claim, Novotny's amended complaint also asserts claims for race discrimination and retaliation pursuant to 42 U.S.C. § 1982. This Memorandum Opinion provides additional explanation regarding the Court's March 31, 2015 Order dismissing the amended complaint without prejudice due to Novotny's omission of material information from his *in forma pauperis* ("IFP") application. (*See* Dkt. No. 50.)

On August 20, 2013, Novotny was granted leave to proceed IFP and an attorney was recruited to represent him through the Court's pro bono program. On January 19, 2014, Novotny's counsel filed a motion to withdraw, claiming, among other things, that Novotny had omitted information from his IFP application that if revealed would have rendered him ineligible for IFP status and pro bono counsel. The Court permitted Novotny's counsel to withdraw based on an apparent breakdown in attorney-client communication and differences of opinion regarding legal strategy, and allowed Novotny to proceed *pro se*. Plexus subsequently filed a Motion to Dismiss (Dkt. No. 32), which again raised the issue of Novotny having failed to provide complete and

accurate information on his IFP application. The Court granted the motion and dismissed Novotny's amended complaint on March 31, 2015. However, the Court also granted Novotny leave to move to reinstate the case by June 9, 2015, upon providing proof that he has paid the full $400 filing fee as well as an additional fine of $100. If he does not do so, the complaint will be dismissed with prejudice and the case closed.

## BACKGROUND

Novotny filed this case *pro se* on August 16, 2013, alleging that he was improperly terminated when he was 51 years old because of his age in violation of the ADEA. He subsequently amended the complaint to assert claims for race discrimination and retaliation as well. At the same time that he filed his original complaint, Novotny also filed an IFP application (Dkt. No. 3) and a motion for attorney representation (Dkt. No. 4).

The IFP form that Novotny completed and submitted to the Court represented that he was not currently employed and that his last date of employment was August 9, 2013, with past monthly salary or wages of $1,531 dating back to August 27, 2012. (Dkt. No. 3 at 1.) He also stated that in the past 12 months he had not received more than $200 from any sources other than his last employment and that he had $137.81 in his checking account at the time he filed the motion. (*Id.*) The IFP application states at the top, prior to the questions: "I answer the following questions <u>under penalty of perjury</u>." (*Id.* (emphasis in original).) The form also states at the bottom: "I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue." (*Id.*) This printed statement is followed on Novotny's form by his signature. Based on the representations in Novotny's IFP application and his motion for attorney representation, the Court granted both requests and

recruited an attorney from the Court's trial bar pro bono program to represent him pursuant to Local Rule 83.11(g).

On January 17, 2014, Novotny's pro bono counsel filed a motion to withdraw from the case. (Dkt. No. 19.) In the motion, the attorney stated that Novotny was insisting he pursue claims against certain individual defendants for which the attorney felt there was no good basis. The attorney also claimed that Novotny had informed him that during the term of last employment listed on his IFP form, Novotny made between $15.00 and $16.00 per hour, which would not equate to the monthly wages represented on the IFP form. (*Id.* at 2.) His attorney also found that Novotny had continued to work for Key Technical Solutions through August 30, 2013, even though Novotny represented on his IFP form that he only worked for that firm through August 9, 2013. (*Id.*) Moreover, Novotny also informed his counsel that he began working for another company, Briggs and Stratton Co., on September 16, 2013, making $17.34 per hour plus overtime, and that he continued to be employed by them as of the date of the motion to withdraw. (*Id.*) Counsel did not believe that Novotny's income qualified him for IFP status or to receive free legal representation, and also expressed concerns about the merits of pursuing a case against the individual named defendants. (*Id.*)

The Court granted the motion to withdraw. (Dkt. No. 23.) Novotny, *pro se*, then filed an amended complaint. (Dkt. No. 31.) Plexus responded by filing a motion to dismiss arguing that, in addition to certain substantive issues, Novotny's material omissions on his IFP form warranted dismissal with prejudice. (Dkt. No. 32.) Novotny responded to the motion and also filed a renewed motion for attorney representation along with an amended IFP form. (Dkt. No. 37.) In the amended IFP form, Novotny disclosed monthly salary or wages of $1,800 to $2,000. (Dkt. No. 37 at 1.) He also indicated that he received $2,475 in unemployment benefits in the last 12 months

3

and that he had $320.38 in his checking account. (*Id.* at 2.) Novotny further stated that he owns a vehicle worth somewhere between $800 and $1,000. (*Id.* at 3.) He attached his 2013 federal tax return to the form, which indicates that his adjusted gross income for 2013 was $34,521. (*Id.* at 5.) He also attached a June 2014 pay statement indicating that his total year-to-date earnings were $21,003.16. (*Id.* at 6.) Finally, Novotny submitted a typewritten explanation of his income, indicating that he had gross income of $36,263 and taxable income of $26,653.69 during the preceding 12 months. (*Id.* at 7.)

In response to the motion to dismiss, Novotny stated that he "did not know when, but on occasion he would work for Key Technologies. [He] reported this work to Unemployment in order to keep his claim open in case of Key Tech having no work." (Dkt. No. 35 at 2.) Novotny also argued that at the time he filed his original IFP application, he had "uncertainty of employment and finances." (*Id.*) He then acknowledged the following omission: "Plaintiff did fail to report income for the last twelve months on line 4.a of the IFP. Plaintiff should have listed about $15,000.00 dollars on line 4.A and listed it as salary or wages." (*Id.*) He also stated that he "did not report on line 4.f 726.00 dollars from unemployment." (*Id.*) Novotny then indicated that at the time he completed the form, he had $328.34 in his checking account, due to a deposit that happened that day of which he was not aware at the time of filing. (*Id.* at 3.) He stated that he "had a lot going on with filing the case and trying to make ends meet, and looking for work all at the same time, due to the Plaintiff[']s in's [sic] and out's [sic] of the Plaintiff[']s current work situation. Plaintiff hurriedly filed [sic] out the IFP, not sure when the Plaintiff could return to Court." (*Id.* at 2-3.) Novotny then claims that "the IFP application does state [] that the applicant should not leave any spaces blank. Plaintiff had left numerous spaces blank and probably should not have been accepted." (*Id.* at 4.) This last statement is not accurate, however, as his original

4

IFP form did not leave these spaces blank. Rather, for each category asking if Novotny received more than $200 in the past twelve months, he checked the "No" box. (Dkt. No. 4 at 1-2.)

## DISCUSSION

The federal IFP statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without paying filing fees and costs provided that the litigant submits an affidavit demonstrating an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, "[t]his privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines*, 461 F.2d 649, 651 (7th Cir. 1972). "Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay." *Lofton v. SP Plus Corp.*, 578 Fed. Appx. 603, 604 (7th Cir. 2014). "[I]f an allegation of poverty made in a petition to proceed in forma pauperis is untrue, 'the district court shall dismiss the case.'" *McRoyal v. Commonwealth Edison Co. et al.*, 263 Fed. Appx. 500, 502 (7th Cir. 2007) (quoting 28 U.S.C. § 1915(e)(2)(A)).

Novotny's original IFP application indicated that his only income was $1,531 per month received over a little less than a year (or $18,372 in income for the past 12 months). In 2013, the

U.S. Federal Poverty Guideline for a single person was $11,490.[1] Novotny's reported income was therefore approximately $7,000 above the federal poverty guideline.

As explained above, however, Novotny also omitted substantial material information from his original IFP form. He omitted at least $15,000 in income for the 12-month period preceding the submission. Novotny also omitted somewhere between $726 and $2,475 in unemployment payments (his latest IFP form lists the amount as $2,475 but his response brief states the amount as $726) for the 12 months preceding his application. Novotny's estimate in his amended IFP that he had a total gross income as $36,263 for the preceding 12-month period is more than three times the federal poverty guideline for a single person in 2013. At the time Novotny filed his original IFP application (August 16, 2013), going back twelve months would have taken him to August 12, 2012. Novotny now reports that he had gross income of $18,717 in 2012 and gross income of $34,521 in 2013, resulting in total gross income at the time of the original IFP form of $35,103, which is still more than three times the federal poverty guideline for a single person in 2013.

While Novotny might have viewed his employment at the time he filed his original IFP application as sporadic, that is not the same as being unemployed. Novotny had not been terminated or laid off. Indeed, he now admits that he "did not know when, but on occasion [he] would work for Key Technologies." (Dkt. No. 35 at 2.) This is an omission that prevented the Court from further inquiring as to the status of his employment. *See Moorish Nat. Republic v. City of Chicago*, No. 10 C 1047, 2011 WL 1485574, at *4 (N.D. Ill. Apr. 18, 2011) ("[I]n some instances the information disclosed by the applicant prompts further inquiry from the Court.

---

[1] This Court considers the federal poverty guidelines as instructive—although by no means determinative—in determining whether a plaintiff should be granted IFP status. According to the Department of Health and Human Services, the 2013 poverty guideline for an individual living in the continental United States was $11,490. *See* 2013 Poverty Guidelines, U.S. Department of Health and Human Services, *available at* http://aspe.hhs.gov/poverty/13poverty.cfm#guidelines (last visited June 8, 2015).

Plaintiffs' attempt to filter the information through their own self-interested perception of what is relevant versus not relevant thwarts the purpose of an IFP application.").

Novotny attempts to explain the misrepresentations in his original IFP form by claiming he completed the form quickly and did not have an opportunity to review its contents carefully. Yet the IFP form that Novotny completed expressly cautions the applicant on both page one and page two that he or she is signing "on penalty of perjury." (*Id.* at 1-2.) The form also clearly requires the applicant to certify that he or she "understand[s] that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss the case at any time if the court determines that my allegation of poverty is untrue." (*Id.* at 2.)[2] Novotny's IFP application was filed on August 16, 2013, and the Court recruited counsel for him on August 20, 2013. In addition to being permitted to proceed with his case without paying court fees, Novotny received the benefit of free attorney representation for five months and eight days. Not once during this time did Novotny ask the Court for leave to amend his application to correct errors. Instead, certain inaccuracies were made known only to Novotny's counsel, and Novotny did not provide a written explanation for those or seek leave to amend his application until the defendant in this case sought to have the case dismissed with prejudice. While Novotny claims that he did not actually affirmatively omit information on his form, but instead left certain parts of the form "blank," this is also inaccurate: Novotny's original form clearly checked the "No" box for every type of income over $200 listed, including income or wages, unemployment, or "any other source."

Novotny's omissions from his IFP application were undoubtedly material. Had his only errors been the inaccurate recitation of his checking account balance and unemployment benefits, the Court might have been able to find that his omissions were not material and did not warrant

---

[2] Novotny is a college graduate and based on his court appearances the Court has no doubt that he was more than capable of understanding the admonitions on the IFP form.

dismissal. Novotny, however, also omitted that he was employed, even if sporadically, and that he had at least $15,000 in additional income over a twelve month period that he failed to report. These are substantial omissions and cannot be overlooked as mere "mistakes." The only question that remains is whether the dismissal should be with or without prejudice.

Courts may dismiss cases under §1915(e)(2)(A) with or without prejudice. *Thomas v. General Motors Acceptance Corp.,* 288 F.3d 305, 306-07 (7th Cir.2002). Dismissal with prejudice is warranted if a court determines, in the exercise of its discretion, that a lie is sufficiently egregious. *See id*. (affirming dismissal with prejudice based on a misrepresentation in an IFP application about expected future income). When evaluating whether to dismiss with prejudice based on a false allegation of poverty, courts consider the magnitude of the falsehoods and whether the falsehoods were intentional or inadvertent.

There is no doubt that the magnitude of the false statements in Novotny's IFP application would be sufficient to support dismissal of this case with prejudice. In addition, despite Novotny's assertion that his omissions were inadvertent—the result of Novotny filling out the form quickly while he was under stress—the Court believes that the record would support finding that his omissions were intentional. Thus, it would be within this Court's discretion to dismiss Novotny's complaint with prejudice. However, the evidence of Novotny's intent is not conclusive. This is not a case where a plaintiff created false documentation to deceive the Court, for example. Furthermore, once the matter of potential omissions from his IFP form was raised with the Court, Novotny submitted an amended IFP form supported by print outs of his earnings statements and tax forms documenting his actual income.

Under the circumstances, the Court elects to impose the less extreme sanction of dismissal without prejudice. To proceed with this case, Novotny will be required to pay the full $400 filing

fee that was waived based on the false information provided in his original IFP application. As an additional sanction for his conduct, Novotny also will be required to pay a $100 fine. If Novotny pays these amounts, the Court will permit him to reinstate his case. Although he will, of course, be required to proceed without the benefit of court-provided pro bono counsel. Novotny is also admonished that, should he proceed with this matter, he must comply with all of the rules and procedures governing litigation of this case or face additional sanctions.

## CONCLUSION

Accordingly, for the reasons discussed above, Plexus's motion to dismiss Novotny's amended complaint (Dkt. No. 32) is granted. The amended complaint is dismissed without prejudice. To reinstate the complaint and proceed with this case, Novotny must pay the full $400 filing fee as well as an additional fine of $100. If Novotny fails to move to reinstate the case and to pay the full filing fee and fine by June 9, 2015, then this case will be dismissed with prejudice.

ENTERED:

Date: June 7, 2015

Andrea R. Wood
United States District Judge